UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                  Plaintiff,

                                                                     DECISION AND ORDER

                                                                     03-CR-6142L
                                                                     05-CV-6618L

                  v.

FRANKLIN GRAHAM,

                                  Defendant.
_____

       Franklin Graham ("Graham") has filed a petition, *pro se,* pursuant to 28 U.S.C. § 2255 to vacate his conviction entered March 23, 2005. The Government responded to the petition and has moved to dismiss. For the reasons advanced by the Government, the petition is in all respects dismissed.

       Graham was indicted with others in a multi-count indictment charging narcotics and related offenses. Count I charged conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine, 50 grams or more of cocaine base, 100 grams or more of heroin and a quantity of marijuana in violation of 21 U.S.C. § 846.

       On November 5, 2004, Graham pleaded guilty to Count I, conspiracy to possess with intent to distribute 50 grams or more of cocaine base. In the written plea agreement, the parties agreed to many of the sentencing factors. The anticipated sentencing range was 168-210 months pursuant to

the Sentencing Guidelines. The plea was submitted to the Court pursuant to Rule 11(c)(1)(C) with an agreed specific sentence of 180 months. At sentencing, the Court accepted the Rule 11(c)(1)(C) committed sentence and sentenced Graham principally to 180 months. Graham did not directly appeal but filed this petition approximately six months after the sentencing proceedings. In the petition, Graham states that the "sole issue" presented is whether trial counsel provided ineffective assistance of counsel for advising Graham to plead guilty and for not challenging the Court's sentence which Graham believes was in excess of the statutory maximum allowed. For several reasons, the petition must be dismissed on both procedural and substantive grounds.

First of all, the detailed plea agreement that Graham executed specifically contained both a waiver of appeal and a waiver of the right to pursue collateral relief. Graham obtained the benefits of the plea agreement and cannot now seek to ignore those portions of the agreement that do not presently suit him. At the time of the plea, the Court specifically discussed the appeal waiver with Graham, and he affirmed his understanding concerning the matter.

Furthermore, Graham may not use § 2255 to raise issues that could have been raised on appeal. He has, therefore, procedurally defaulted his right to pursue any claim under § 2255. The fact that Graham waived his right to appeal does not give him the ability to prosecute appellate issues under § 2255.

Aside from these procedural hurdles, Graham cannot prevail on the claim of ineffective assistance of counsel because the substance of his claim -- that the Court lacked jurisdiction to impose a 180 month sentence -- is flawed. In essence, Graham claims that because the indictment charges that he conspired to possess and distribute different types of drugs, e.g., cocaine, heroin and

marijuana, the Court was limited to imposing a sentence no greater than the maximum sentence for the least serious crime, in this case, conspiracy to distribute marijuana. Graham claims that because conspiracy to distribute marijuana contains only a 60 month maximum term, the Court's 180 month sentence was improper. Unfortunately, for Graham, he completely misstates what occurred in his case and the authority that he relies on, *United States v. Orozco-Prada,* 732 F.2d 1076 (2d Cir. 1984) is inapposite. The simple fact is that Graham did not plead to conspiracy relating to marijuana. The plea agreement could not have been clearer. Paragraph 1 of the plea agreement specifically recited that Graham agreed to plead guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and recited that that charge carried a mandatory minimum sentence of 10 years and a maximum term of life imprisonment. The factual basis at ¶ 5 again referenced the fact that Graham participated in a conspiracy and that at least 50 grams of cocaine base was involved. Again, at ¶ 6, the defendant acknowledged that he, with others, conspired to distribute 50 grams or more of cocaine base and that Graham agreed that between 150 and 500 grams of cocaine base was the relevant conduct.

This is not a case, therefore, where multiple drugs were charged and it was unclear which drug was involved. *Orozco-Prada* was an entirely different situation. There the jury found the defendant guilty of a conspiracy charge where multiple drugs were alleged. Because there was no special verdict, it was impossible to determine whether the jury had unanimously convicted the defendant of the more serious cocaine charge or the less serious marijuana one. That, of course, is not what happened in Graham's case. The issue now raised by Graham was not raised at the time of the plea or sentencing by either Graham or his attorney. Graham's present claim that his counsel

was "ineffective" for not challenging the plea and sentence is without merit. To prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that that performance prejudiced his case. *See Strickland v. Washington,* 466 U.S. 668 (1984). Graham fails to meet either test here. Graham cannot show that his trial counsel's performance was deficient. Graham's premise that the Court lacked jurisdiction to impose the 180 month sentence is simply wrong. There was no confusion as to what part of the statute Graham was pleading to. There were multiple references to the fact the plea was to conspiracy relating to cocaine base. The nature of the drug and the quantities were discussed extensively during the plea colloquy. Counsel's performance was not deficient.

Furthermore, Graham received a substantial benefit by entering the plea. Although a 180 month sentence is not insignificant, if convicted after trial, he could have faced life in prison and, in this case, in consideration of the plea, the Government did not file an information under 21 U.S.C. § 851. If the Government had done so, it would have dramatically increased the minimum sentence applicable to Graham.

Graham has failed to demonstrate that his trial counsel's performance was in any respect deficient, and he has failed to demonstrate how counsel's performance prejudiced him in any way.

CONCLUSION

The petition of Franklin Graham to vacate the judgment and conviction, pursuant to 28 U.S.C. § 2255 is hereby dismissed. There is no need for an evidentiary hearing on the petition.

I decline to issue a certificate of appealability because Graham has failed to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c).

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 20, 2006.